## Scott, etc. v. Daniels, etc.

(Decided October 20, 1914.)

### Appeal from Pike Circuit Court.

Judgment—Erroneous—Jurisdiction.—A judgment is erroneous where the real question is not decided, and upon appeal the case will be remanded with directions to try the real issues involved. Here, the question was as to ownership of land, while the matter passed on involved costs. The real questions at issue involving title and a dispute as to a division line should be determined upon another trial before this Court should be called on to consider the appeal, for the matter of costs depends on decision of the main question.

WILLIS STATON and ROSCOE VANOVER for appellants.

P. B. STRATTON, C. M. WHITT, J. S. CLINE, J. J. MOORE and BUTLER & MOORE for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This action was originally instituted by Martha Scott against the Thacker Coal Company. Plaintiff died while the action was pending and it was revived in the name of her heirs at law. The suit was to recover of the coal company certain royalties due Martha Scott under the terms of a mining lease, which she had executed to the coal company on her land. The date of this lease is June 2d, 1900. The coal company by verified answer admitted that it was operating under a lease on the Scott lands, describing them. The answer further shows that it is operating under a prior lease on the adjacent lands. Operation on adjacent lands is under lease contract executed to it December 14th, 1897, by Richard Daniels and his wife, Margaret Deniels, Martha Scott, and her husband, Embry Scott (plaintiffs and appellants here), and J. W. Duty and his wife, Sarah Duty. Description was then given of the property leased in this Daniels' contract. It may be said here, that the land descriptions set forth in the two leases are shown by naming the surrounding owners, and each lease recognizes the fact that the two are adjacent and have common dividing line. The answer of the coal company disclosed the number of tons of coal which it had mined therefrom and upon which royalty was due, and admitted that same was unpaid and then, ''avers and says that the persons hereinafter named and not now parties to this action (the lessors of the Daniels land) without collusion with it, make claim to the royalties upon the coal mined (and claimed by the Scotts), the subject of this action, and this defendant is ready, willing, and anxious to pay or make such disposition of the said royalties'' as the court may determine or direct. The answer then shows, ''that there is a conflict in the claim of ownership upon the part of defendant's lessors, or some of them, as between their titles, and then gives the names of the Daniels' lessors, and asks that they be made parties, and required to answer and defend against, or relinquish their claim to the plaintiff, and for such direction as to payment of royalties as the equities require.'' The answer conforms to section 30, Civil Code, with reference to claimants and parties necessary. The Daniels answer with a claim of title. Issue was joined by the Scotts, and both parties, that is, the Scotts and Daniels, ask that the line be established in accordance with their respective claims, and that the title of each be quieted. The Thacker Coal Company tendered, and by

order of court, paid to the Master Commissioner the royalties accrued at the time the action was instituted and has continued. to pay same to the commissioner on coal mined since then.

Of course, final disposition of these royalties depends upon the ownership of the land in dispute, and that is governed by the location of the dividing line in question. By consent the action was transferred to equity, and the Scotts and Daniels took their proof and the case was submitted. Thereupon the court rendered this judgment:

"This cause having been submitted for judgment, and the court being sufficiently advised, after due consideration of the pleadings, proof and exhibits, orders, decrees and adjudges that the plaintiff's cause of action be dismissed, and they take nothing thereby, and it is, therefore, adjudged by the court that the defendants, Mary Daniels and others, recover of the plaintiffs their costs herein expended.

"It is further adjudged that the money held by the Master Commissioner and received by this court be further held by him until the further orders of this court, and the defendant, Thacker Coal Mining Company, is directed and ordered to pay future royalties arising from said land in controversy into the hands of this court's receiver.

"It appearing that the large map which had heretofore been made part of the record, but not filed, and the same having been used on the trial of this cause, the clerk is directed to endorse same filed. The said map is endorsed N. A. Ramey, S. P. C., and filed October 1st, 1912, J. A. Scott, Clerk of the Pike Circuit Court, marked, Exhibit 'Thacker.'

"It is agreed between the parties if appeal is taken to the Court of Appeals in this cause that the original map heretofore indicated marked 'Thacker' be transmitted with the record, to be considered on said appeal. The plaintiffs, Emery Scott, and others, to the above judgment and to all of which object and except and pray an appeal to the Court of Appeals, which is granted, and as to who is the owner or entitled to the funds now in the hands of the receiver of this court and funds hereafter paid into the hands of the receiver by the Thacker Coal Company is reserved and the court takes time.

"The cause is retained on the docket for future orders."

From this judgment both parties appeal, and, in our opinion, the lower court erred as to each. It is apparent from this judgment that the court has not decided "who is the owner and entitled to the funds now in the hands of the receiver of this court." Hence, we must conclude that the lower court has not decided the question of ownership of the land, or location of the division line between the Scotts and Daniels. If the line be located, then there is no reason for withholding the payment of the royalties. There is no pretense that there are other claimants to this fund or any of the land. From the record the Thacker Coal Company has all of it under lease. The coal company, tenant in possession, will not be heard to say that its landlords have no title. In fact, it says that one or the other has title.

All parties concede that what the Scotts do not own, the Daniels do. Why then the court should dismiss plaintiff's petition and in the same judgment reserve for further orders disposition of the royalty, it is difficult to understand. Plaintiff is entitled to have the lower court pass upon her claim to the land in dispute, and if adjudged to be the owner, be awarded the royalties. The judgment would be clear had plaintiff's petition been dismissed, and the royalties awarded to the Daniels, but when the lower court reserves for further orders a judgment as to royalties, it apparently leaves undecided the only question in the case—ownership of the land. If it is intended by the judgment merely to dismiss the petition as to the Thacker Coal Company this was erroneous in the face of its admitted liability, and the order to continue paying into court the royalties as they accrue. The case as to the coal company should be kept on the docket to hold it amenable to the court's further orders. No judgment should go for costs between the Scotts and Daniels until their controversy is finally terminated on the merits.

The judgment is reversed on both the original and cross-appeal, and the lower court is directed to try the cause, establish the line, and dispose of the royalties between the parties hereto, and leave is given to withdraw the large map used as an exhibit on this appeal.